IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02118-BNB

ROY J. MAIN,

Applicant,

v.

WARDEN ABBOTT, and
ATTORNEY GENERAL'S OFFICE,

Respondents.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Roy J. Main is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility at Cañon City, Colorado. Mr. Main has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a number of decisions of the state parole board denying him release on parole. In an order filed on October 6, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondents intend to raise either or both of those affirmative defenses in this action. On October 22, 2008, Respondents filed a Preliminary Response. On November 4, 2008, Mr. Main filed a reply to the Preliminary Response.

The Court must construe the habeas corpus application and other papers filed by Mr. Main liberally because he is not represented by an attorney. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part as time-barred.

As noted above, Mr. Main is challenging a number of decisions of the state parole board denying him release on parole. He alleges that he has been denied parole on six different occasions, most recently on July 14, 2008. Although Mr. Main's arguments in support of his claims appear to relate primarily to the July 14, 2008, parole board decision, the Court will assume that Mr. Main is challenging all six parole board decisions on the same grounds. The Court received the instant action for filing on September 18, 2008.

Respondents first concede that Mr. Main's claims are not subject to dismissal for failure to exhaust state remedies. However, Respondents argue that this action is untimely to the extent Mr. Main is challenging any parole board decisions denying him release on parole other than the parole board's decision of July 14, 2008. Mr. Main argues in his reply to the Preliminary Response that the one-year limitation period in 28 U.S.C. § 2244(d) is not applicable to this action.

Mr. Main is mistaken. The one-year limitation period in § 2244(d) applies to habeas corpus actions pursuant to § 2241 filed by state prisoners challenging the execution of their sentences. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

2

> to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted above, the Court received this action for filing on September 18, 2008. Mr. Main identifies only one decision of the parole board, the decision of July 14, 2008, that took place within one year before this action was filed. Therefore, the Court finds that Mr. Main's claims are untimely with respect to the other five parole board decisions he is challenging in this action. As a result, the Court will dismiss the application to the extent Mr. Main is challenging any decisions of the parole board other than the parole

3

board's decision of July 14, 2008. The Court finds that Mr. Main's claims challenging the July 14, 2008, decision of the parole board are timely and are not subject to dismissal for failure to exhaust state remedies. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that the application is denied to the extent Mr. Main is challenging any decisions of the parole board other than the parole board's decision of July 14, 2008. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  18  day of  Nov. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02118-BNB

Roy J. Main
Prisoner No. 48337
CTCF
PO Box 1010
Cañon City, CO 81215- 1010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/19/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk