IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02118-MSK-MEH

ROY J. MAIN,

    Applicant,

v.

ABBOTT, and
ATTORNEY GENERAL'S OFFICE,

    Respondents.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on December 10, 2008.**

Applicant's Motion for Order of Evidence Compliance [filed December 8, 2008; docket #11] is construed as a request for discovery in this matter, and is **denied without prejudice**. Because no "trial" occurs in a habeas action, discovery is limited. "The procedures set out in the habeas corpus statutes take precedence over the Federal Rules of Civil Procedure during the pendency of habeas corpus proceedings." *Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir. 1992) (citing *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 267-68 (1978)). The rule cited by Applicant (which the Court assumes is a rule of evidence) is not normally applicable in this matter; however, 28 U.S.C. § 2246 authorizes interrogatories and depositions in limited circumstances. That is, pursuant to 28 U.S.C. § 2246, "[o]n application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit. If affidavits are admitted any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits."

A district court, when presented with a § 2241 petition that establishes a *prima facie* case for relief, "may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to dispose of the matter." *Harris v. Nelson,* 394 U.S. 286, 290 (1969) (internal quotations omitted); *see also Hernandez v. Garrison,* 916 F.2d 291, 293 (5th Cir. 1990) (rules of pretrial discovery are not applicable to the habeas corpus proceedings unless necessary to help the court dispose of the matter as law and justice require). In his motion, Applicant presents no argument that he has established a *prima facie* case and, at this stage, the Court finds that Applicant's requested discovery is not necessary to help the Court dispose of the matter.