IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02118-MSK-MEH

ROY J. MAIN,

    Applicant,

v.

ABBOTT, and
ATTORNEY GENERAL'S OFFICE,

    Respondents.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 9, 2009.**

    Applicant's Motion for Discovery [filed July 8, 2009; docket #16] is **denied without prejudice**. Because no "trial" occurs in a habeas action, discovery is limited. "The procedures set out in the habeas corpus statutes take precedence over the Federal Rules of Civil Procedure during the pendency of habeas corpus proceedings." *Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir. 1992) (citing *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 267-68 (1978)). A district court, when presented with a § 2241 petition that establishes a *prima facie* case for relief, "may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to dispose of the matter." *Harris v. Nelson,* 394 U.S. 286, 290 (1969) (internal quotations omitted); *see also Hernandez v. Garrison,* 916 F.2d 291, 293 (5th Cir. 1990) (rules of pretrial discovery are not applicable to the habeas corpus proceedings unless necessary to help the court dispose of the matter as law and justice require). According to Rule 6 of the Rules governing Section 2254 in the United States District Court, which apply to other habeas cases pursuant to Rule 1(b) of the same, a judge may, for good cause, authorize discovery in a habeas proceeding. As the Court previously stated [*see* docket #13], Applicant presents no argument that he has established a *prima facie* case and, at this stage, the Court finds no good cause to permit discovery in this matter.